IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


| | |
|---|---|
| THE TRAVELERS INDEMNITY    )<br>COMPANY, as successor to   )<br>Gulf Insurance Company,    )<br>                            )<br>    Plaintiff,             )<br>                            )<br>    v.                      )<br>                            )<br>THE PLANTATION OAKS OF     )<br>ALABAMA, INC., et al.,     )<br>                            )<br>    Defendants.             ) | CIVIL ACTION NO.<br>3:08cv637-MHT<br>(WO) |

OPINION AND ORDER

Plaintiff Travelers Indemnity Company filed this lawsuit under the Declaratory Judgment Act of 1984, 28 U.S.C. § 2201(a), seeking a declaratory judgment that it need not defend or indemnify the defendants (Plantation Oaks, a hunting resort in Macon County, Alabama, and its owners Hilda, Robert and Bo Pitman ("Plantation Oaks parties")) against the claims of certain third parties and that it does not owe any coverage for the claims of these third parties. Travelers Indemnity contends that the Plantation Oaks parties failed to notify Travelers

Indemnity of these claims in a timely manner and that some claims are excluded from the terms of coverage.

Travelers Indemnity properly invoked this court's diversity-of-citizenship jurisdiction, as the parties are diverse and the amount in controversy exceeds $ 75,000. 28 U.S.C. § 1332.  Before the court is a motion to dismiss filed by some of the defendants.  The motion will be granted to the extent that the proceedings in this case will be stayed.

### I.   BACKGROUND

#### A.  Underlying litigation

In September 2004, Stephanie M. Fitzpatrick, Larry V. Glass, John Glass, Roy Kirk, and Willie Kirk ("Fitzpatrick parties") filed a lawsuit in state court against the Plantation Oaks parties.  In October 2005, Willie Kirk Jr. ("Kirk") filed a separate lawsuit in state court against the same defendants.  Both Kirk and the Fitzpatrick parties own property abutting Plantation

Oaks, and, among many other things, allege that, beginning in 2003, the Plantation Oaks parties interfered with their access to their properties by improperly identifying certain roads as private roads, rerouting these roads, and engaging in other related acts. Kirk also alleges that the Plantation Oaks parties improperly removed timber from his property. Prior to the filing of these lawsuits, Travelers Indemnity's predecessor in business, Gulf Insurance Company, had issued several commercial liability-insurance policies to the Plantation Oaks parties.

Kirk's lawsuit settled and was dismissed. The Fitzpatrick parties were awarded summary judgment on their claim that certain roads were public roads; that judgment is currently on appeal. The related issue of damages has been stayed pending resolution of the appeal.

### B. Parallel state proceedings

On August 1, 2008, the Plantation Oaks parties filed suit in state court against Travelers Indemnity and agent Rickey Elliott. This suit seeks damages for state-law breach of contract and bad faith against the insurance company and damages for negligence against Elliott for failing to forward information from the Plantation Oaks parties, regarding the Fitzpatrick and Kirk claims, to the insurance company. On August 25, the complaint was amended to add a count for a declaratory judgment that the Plantation Oaks parties timely notified Travelers Indemnity of the potential claims and that the insurance company has a duty to defend and indemnify the Plantation Oaks parties against the claims of Kirk and the Fitzpatrick parties.

Kirk and the Fitzpatrick parties subsequently filed a motion to dismiss and an alternative motion to stay the proceeding until the underlying litigation is resolved.

### C. Federal declaratory-judgment action

On August 7, Travelers Indemnity filed this federal-court lawsuit for a declaratory judgment that it does not owe coverage for the claims of Kirk and the Fitzpatrick parties, and that it has no duty to defend or indemnify the Plantation Oaks parties against such claims.  The federal action does not assert any claims that are not in the state-court proceeding.

## II.   ANALYSIS

A district court is "under no compulsion" to exercise its jurisdiction" under the Declaratory Judgment Act. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942); Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).  When a parallel state action is pending, a federal court's exercise of its discretion to hear a declaratory-judgment action should be guided by principles of federalism, comity, and efficiency. Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328,

1330-31 (11th Cir. 2005). "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Brillhart, 316 U.S. at 495. Generally, it is "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id.

The Eleventh Circuit Court of Appeals has enumerated a non-exhaustive list of "guideposts" to be considered by federal courts in determining whether to hear a declaratory-judgment action when parallel state-court proceedings are pending: (1) the state's interest in determining the matter; (2) whether the federal action would resolve the controversy; (3) whether the federal action would clarify the parties' legal relations; (4) whether the federal action is a form of "procedural fencing" being utilized "to provide an arena for a race for res judicata or to achieve a federal hearing in a

case not otherwise removable"; (5) whether a judgment in the federal action would heighten tension between federal and state courts or otherwise encroach on state proceedings; (6) whether a superior alternative remedy exists; (7) whether underlying facts are important to informed resolution of the matter; (8) whether the state court is better situated to evaluate those facts; and (9) the nexus (if any) between the underlying issues and state law and policy, and whether federal common or statutory law requires resolution of the declaratory action.  Id. at 1331 (adopting factors announced in Scottsdale Ins. Co. v. Roumph, 211 F.3d 964 (6th Cir. 2000), and Centennial Life Ins. Co. v. Poston, 88 F.3d 255 (4th Cir. 1996)).

As explained more fully below, after applying the Ameritas factors to this case, the court holds that it should decline to hear the case.  For the sake of brevity and because the Ameritas factors overlap to some degree,

the court groups related factors together in its analysis.

### A. Relative effectiveness of a federal judgment

The second, third, and sixth Ameritas factors address the relative effectiveness of a judgment in the federal action. They address whether a federal judgment would resolve the controversy or lend clarity to the parties' legal relationship and whether a superior alternate remedy exists. In this case, although a federal judgment would lend clarity to the parties' legal relationship, a ruling would not necessarily settle the controversy. Travelers Indemnity's declaratory-judgment action does not capture the full set of issues pending in state court.

For example, if this court were to rule that Travelers Indemnity is obligated to cover and defend the Plantation Oaks parties, that would not resolve the Plantation Oaks parties' assertion in the parallel state

suit that the insurance company acted in bad faith.  See, e.g., State Farm Fire & Cas. Co. v. Slade, 747 So. 2d 293, 318 (Ala. 1999) (explaining that a claim of bad faith not only requires a contractual breach, but also requires a showing that the insurance company failed to properly investigate the claim).  Likewise, because Elliott is not a party in this federal action, a ruling from this court would not answer whether Elliott is liable because he negligently failed to forward information from the Plantation Oaks parties to Travelers Indemnity.  Because these issues are before the state court, but not this court, this court further concludes that the sixth factor, the presence of a more effective alternate remedy, also counsels against hearing the case.  The better approach is for these issues to be determined together in one court, rather than allowing piecemeal, fractured litigation to emerge between the federal and state courts.  Angora Enters., Inc. v. Condo. Ass'n of Lakeside Village, 796 F.2d 384. 389 (11th Cir. 1986)

(highlighting the importance of "avoiding piecemeal litigation" in federal and state courts).  On balance, then, the second, third, and sixth Ameritas factors counsel in favor of declining to exercise federal jurisdiction.

### B. Whether the state court is in a better position to decide factual questions

The seventh and eighth Ameritas factors also counsel in favor of declining jurisdiction.  Those factors urge district courts to consider "whether the underlying factual issues are important to an informed resolution of the case" and, if so, "whether the state trial court is in a better position to evaluate those factual issues than is the federal court."  Ameritas, 411 F.3d at 1331. Travelers Indemnity alleges that it need not cover Plantation Oaks in part because Plantation Oaks did not immediately communicate to it that potential claims had arisen.  Plantation Oaks contends that it did, in fact,

attempt to inform Travelers Indemnity through Elliott. Resolving the factual questions of what was communicated to whom and when would be central to this court's resolution of this coverage issue. Because Elliott is already a party to the state-court proceeding, the state court is in a better position to resolve the factual dispute in a way that is binding on all. Further, it is certainly better for one court to make this factual determination, rather than for two courts to duplicate each other's efforts.

## C. Whether the parties are engaging in procedural fencing

The fourth Ameritas factor, whether either party is engaging in procedural fencing, is a wash. The timing of the federal action is somewhat suspicious, as it was filed only after the Fitzpatrick parties had obtained a judgment against the Plantation Oaks parties, and less than a week after a parallel suit was filed in state court by the Plantation Oaks parties. However, counsel

for Travelers Indemnity represent that they were not aware of the parallel state suit at the time they filed this action.  Moreover, the Plantation Oaks parties' amendment adding a count for declaratory judgment against Travelers Indemnity in the parallel state proceeding is equally suspicious in timing; this count was added <u>after</u> the federal action was filed.  Thus, the fourth factor is not a particularly useful guidepost in the instant case.

>       D.  The relative interests
>       of the state and federal courts
>           in adjudicating the case

The remaining three factors (the first, fifth, and ninth) also counsel in favor of declining jurisdiction.  These factors consider the relative interests of the state and federal courts in adjudicating the matter, as well as whether the federal court's exercise of jurisdiction could increase friction between state and federal courts.

It is plain that the state courts have a far stronger interest in adjudicating this matter and that exercising jurisdiction here, when identical state-court proceedings are already pending, could cause friction.  This court would be interpreting insurance policies issued in Alabama to an Alabama business, an endeavor that primarily implicates Alabama, not federal, law.  The State of Alabama has a significant interest in these coverage issues.  See Lexington Ins. Co. v. Rolison, 434 F. Supp. 2d 1228, 1239 (S.D. Ala. 2006) (Steele, J.) (dismissing a federal action because Alabama had a substantial interest in a question of state law concerning whether an insurance contract issued to an Alabama business would cover a particular state-court judgment).  The legal issues raised here are exclusively within the purview of Alabama state law and policy, and federal law does not "dictate[] a resolution of the declaratory judgment action," Ameritas, 411 F.3d at 1331, a fact that further weighs in favor of abstaining.  See

Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 390-91 (5th Cir. 2003) (finding that "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state-law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit").  A federal court without a strong interest in the matter, deciding exclusively state-law questions, could "increase the friction between ... federal and state courts."  Ameritas, 411 F.3d at 1331.

Further, proceeding with the federal action would result in a federal court and a state court simultaneously wrestling with overlapping questions of state law, with the likely possibility that one court would rule upon the merits before the other, potentially rendering the second court's efforts futile.  "Exercise of federal jurisdiction in such a situation risks unnecessary commitment of scarce judicial resources,

14

multiplicative expenditures of legal services, inconsistent rulings at numerous litigation junctures, and the appearance of disregard for the state trial court's authority and expertise in violation of basic norms of federal and state comity." United States Fidelity & Guar. Co. v. Algernon-Blair, Inc., 705 F. Supp. 1507, 1514 (M.D. Ala. 1988) (Thompson, J.).

In sum, the Ameritas guideposts strongly favor declining jurisdiction over this declaratory-judgment action.  Nevertheless, because a dismissal motion is pending in the parallel state-court action and, thus, because it is unclear whether the state-court action will remain pending, this court will await the state-court's action on the dismissal motion and, for now, stay this federal lawsuit rather than dismiss it.  See Wilton, 515 U.S. at 286 (district courts "have substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings").

***

Accordingly, it is ORDERED as follows:

(1) The defendants' motion to dismiss (doc. no. 14) is granted to the extent that the proceedings in this case are stayed.

(2) The proceedings in this case are stayed.

(3) On or before June 30 and December 31 of this year and each year thereafter, the parties are to file a joint report regarding the status of the parallel state-court proceedings.

(4) The clerk of this court is to close this case administratively.

DONE, this the 31st day of March, 2009.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE